IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGELINALANZO NAVARRO, MIRSONIA NIEVES LANZO, SAMUEL NIEVES LANZO, ROBERTO NIEVES LANZO**<br><br>**Plaintiffs**<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>**Defendant** | **CIVIL NO.:**<br><br><br><br>**FEDERAL TORTS CLAIMS ACT MEDICAL MALPRACTICE** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs through the undersigned attorney and most respectfully **STATE** and **PRAY** as follow:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and under the Federal Torts Claim Act 28 U.S.C.§ 346(b), 2671- 2680, arising out of the actions and omissions of the United States Department of Veterans Affairs, its employees, affiliates, agents, contractors, and representatives.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) since the claims alleged arose in this judicial district.

1

## II. NATURE OF THE ACTION

3. This is a civil action to recover from damages suffered by plaintiffs and deceased Mr. Samuel Nieves due to lack of proper medical care at the VA Medical Caribbean Health Care System to veteran Samuel Nieves (herein after "Mr. Nieves).

## III. PARTIES

4. Plaintiffs, **ANGELINA LANZO NAVARRO** (Mr. Nieves' widow), **MIRSONIA NIEVES LANZO** (Mr. Nieves daughter), **SAMUEL NIEVES LANZO** (Mr. Nieves' son) and **ROBERTO NIEVES LANZO** (Mr. Nieves' son) are residents of Urb. Villa Fontana, Via 40, 4YS13, Carolina, Puerto Rico 00986. Plaintiffs are the heirs of Mr. Nieves.

5. Defendant **UNITED STATES OF AMERICA** is the entity in charge of overseeing the funding and administration of the Department of Veterans Affairs and/or VA Medical Caribbean Health Care System. United States is the employer of all the physician, medical staff and/or personnel who treated and provided medical attention to veteran Samuel Nieves at the facilities of VA Medical Caribbean Health care System (herein after referred as the "VA Hospital").

## IV. FACTS

6. On February 26, 2019, Mr. Nieves was admitted to the VA Hospital with a sigmoid volvulus as seen on CT Scan.

7. On that same date, Mr. Nieves underwent a decompressive therapeutic colonoscopy, and a rectal tube was placed to maintain the decompression.

8. On February 27, 2019, Mr. Nieves underwent a second decompressive therapeutic colonoscopy at the bedside with replacement of a new rectal tube. Medical

record notes indicated that the reason was accidental removal of rectal tube the day before.

9. On March 1, 2019, Mr. Nieves underwent what was recorded in them medical record as a sigmoid colon resection with end colostomy by VA Hospital physicians, Dr. Sorrentino and Dr. Salgado.

10. The medical record reflect that on March 2, 2019 the colostomy was found with edematous mucosa and minimal output.

11. On March 4, 2019 Mr. Nieves was examined by VA Hospital physician, Dr. Mariluz Rivera, who noted that the patient *continues with non-functional ostomy and abdomen is distended with dilated palpable colon*. Dr. Rivera further notes: *concerned for colonic obstruction at this point, discussed the possibility of bedside colonoscopy thru the ostomy to decompress the colon and evaluate the causes of poor function.*

12. On March 4, 2019 Mr. Nieves underwent a colonoscopy via the colostomy which was performed by Dr. Karla Echevarria, surgical resident at the VA Hospital. Dr. Echevarria noted: *colonoscope inserted through colostomy. Insertion continued until the scope exteriorized through anus. Distal segment of colon exteriorized during OR procedure.*

13. On that same date, Dr. Sorrentino dictated a staff note stating the following:

    a. The case was performed under local anesthesia and intravenous sedation.

    b. The dilated sigmoid volvulus was exteriorized after rectal tube discontinued as colon could not be brought out together with rectal tube.

      c.      At the first operation the distal end of colon was inadvertently exteriorized and proximal end was returned into the abdomen.

14. On that same date, Mr. Nieves underwent a second operation by VA physicians, Dr. Sorrentino and Dr. Salgado. The surgical findings included: *massively distended colon, distal colon previously matured into mucus fistula.*

15. The second procedure included formation of a proximal end colostomy. There is no mention on medical record of closure of the previous colostomy.

16. The procedure was listed as: *exploratory laparotomy, partial colectomy with end colostomy.*

17. On March 8, 2019, VA physician Dr. Feliciano noted: *colostomy with upper border dehiscence and fecaloid material was draining.*

18. On March 10, 2019, the medical record states that open wound cephalad to ostomy with fibrin and fetid odor. Mr. Nieves was kept NPO[1] and started TPN[2].

19. On March 13, 2019, Mr. Nieves was examined by VA physician, Dr. Baerga, who noted: *surgical wound infection, clean and inspect closely to r/o collection given erythema.*

20. On March 19, 2019, VA physician, Dr. Baerga noted: *surgical wound infection, extending around ostomy.*

21. After 39 days at the VA Hospital, on April 5, 2019, Mr. Nieves was discharge to Community Living Center (CLC) for ongoing wound care and rehabilitation.

22. On May 5, 2019, Mr. Nieves was sent to the emergency room with acute onset of abdominal pain. A CT Scan was performed, and it showed: *diffuse dilation of*

---

[1] **Nothing by mouth**
[2] **Total parenteral nutrition**

*small bowel loops throughout the abdominal pelvic cavity. Small gas bubbles in the nondependent portion of several small bowel loops of concern for pneumatosis.*

23. Mr. Nieves was readmitted to the VA Hospital' Intensive Care Unit on May 7, 2019. The admission note indicated: *surgical service evaluated the patient at ED and found recommended IM management despite signs of surgical complication.* The VA Hospital's gastroenterologist noted: *surgical evaluation and recommendations are incongruent with above findings. Emergent re-evaluation will be requested for proper assessment and evaluation.*

24. The medical record noted that: *patient clinical status worsening, case was discussed with General Surgery Resident and STAT evaluation was requested.*

25. Notes from the medical record indicated: patient appears to have intra-abdominal catastrophe.

26. Mr. Nieves was pronounced dead at 17:04 on May 7, 2019.

27. Mr. Nieves died 67 days after an operation complicated by an avoidable technical error in the operative suite requiring re-operation.

28. As a result of the second operation required to correct the mistake made during the first operation, Mr. Nieves suffered a prolonged post-operative course complicated by a surgical wound infection requiring ICU level care for 34 days.

29. Given Mr. Nieves deconditioned state, he required admission to an ancillary rehabilitative hospital to assist in his recovery and for ongoing wound care needs in the treatment of his post-operative wound infection.

30. During his rehabilitation, Mr. Nieves developed abdominal pain, presented to the emergency show, showed radiographic evidence of as well as clinical presentation

representative of intestinal obstruction, progressive ischemia, and sepsis directly related to his prior surgeries for which he died.

## V. CAUSES OF ACTION

31. The allegations contained in paragraph No.1 through No.13 of this complaint are incorporated by reference as is fully set forth herein by plaintiff Michael Rivera.

32. Under the Federal Tort Claims Act, the United States is liable for all the damages caused to plaintiffs and Mr. Samuel Nieves by the negligence and medical malpractice of the VA Hospital agents, doctors and/or medical personnel who treated Mr. Samuel Nieves.

33. The care provided to Mr. Nieves by the VA Hospital fell below the standards of care resulting in his death. Further, the failures and mischaracterizations of the employees of the VA Hospital were the proximate cause of his death.

34. The medical staff of the VA Hospital had a duty to utilize due care and follow accepted medical standards in providing medical treatment and care to Mr. Nieves.

35. Said medical staff breached their duty, were negligent and committed medical malpractice because the treatment provided to Mr. Nieves deviated from accepted standards of care.

36. VA Hospital physicians and/or medical staff failed to correctly identify the afferent limb for maturation of a colostomy which can only be characterized as a technical error requiring re-operation and correction.

37. VA Hospital physicians and/or medical staff failed to perform a confirmatory procedure prior to leaving the operative suite in avoidance of maturing the efferent limb of the colon which is standard practice.

38.     VA Hospital physicians and/or medical staff failed to meaningfully participate in the post-operative care of Mr. Nieves.

39.     VA Hospital physicians and/or medical staff deviated from the standards of care by mischaracterizing the CT scan findings of pneumatosis and diffuse dilation od small bowel loops as nonspecific and further failing to recognize the significance of those findings in conjunction with the clinical presentation of Mr. Nieves on arrival to the emergency room.

## VI. DAMAGES

40.     The allegations contained in paragraph No. 1 through No.39 of this complaint are incorporated by reference as is fully set forth herein by plaintiffs.

41.     As a direct result of the defendant's negligence and omissions, plaintiffs suffered excruciating mental anguishes.

42.     Plaintiff Angelina Lanzo Navarro's damages are estimated in the amount of one million dollars ($1,00,000.00).

43.     Plaintiff Mirsonia Nieves Lanzo's damages are estimated in the amount of one million dollars ($1,000,000.00).

44.     Plaintiff Samuel Nieves Lanzo's damages are estimated in the amount of one million dollars ($1,000,000.00).

45.     Plaintiff Roberto Nieves Lanzo's damages are estimated in the amount of one million dollars ($1,000,000.00).

46.     Veteran Samuel Nieves suffered excruciating physical damages and emotional distress due to the negligent acts and/or omissions of VA Hospital, those

damages are also claim by his heirs, plaintiffs. Veteran Samuel Nieves damages are estimated in amount of four million dollars ($4,000,000.00).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable Court in favor of the plaintiffs and against the defendant:

A. Granting Plaintiffs the sums requested in the Complaint.

B. Imposing upon the defendant the payment of all costs and expenses to be incurred in this lawsuit.

C. Granting the Plaintiffs any other relief that they may be entitled to as a matter of law.

D. Awarding plaintiffs a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 27th day of February, 2021.

*Attorney for Plaintiff:*

<u>S/MICHELLE ANNET RAMOS JIMENEZ</u>
MICHELLE ANNET RAMOS JIMENEZ
USDC-PR 225303
E-mail: michellean2000@yahoo.com
Capital Center Building.1, Suite 401
239 Arterial Hostos Avenue
San Juan, Puerto Rico 00918
Phone: 787-763-1780
Fax: 787-763-2145